1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  TRENT AUSTIN HILLMAN,           )    No. C 11-1245 LHK (PR)
                                    )
12          Plaintiff,              )    ORDER GRANTING
                                    )    DEFENDANT'S MOTION FOR
13     v.                           )    SUMMARY JUDGMENT
                                    )
14  ALICIA STOTTSBERRY,             )
                                    )
15          Defendant.              )
    _____ )
16

17          Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

18  U.S.C. § 1983 against Defendant Tricia Stottsberry, Program Manager of the Medical

19  Department at the Lake County Jail.  In his complaint, Plaintiff alleges that Defendant was

20  deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

21  Defendant has moved for summary judgment.  Although given an opportunity, Plaintiff has not

22  filed an opposition.  Having carefully considered the papers submitted, the Court hereby

23  GRANTS Defendant's motion for summary judgment, for the reasons set out below.

**BACKGROUND**

25          The following facts are taken in the light most favorable to Plaintiff, and are undisputed

26  unless otherwise indicated.

27          Plaintiff was incarcerated at the Lake County Jail in 2010.  (Decl. Stottsberry at ¶ 1.)  At

28  the time, Defendant was a licensed Registered Nurse, and employed by the California Forensic

Medical Group, Inc. as the Program Manager of the Medical Department at the Lake County Jail. (*Id.*) As the Program Manager, Defendant's role is not to make independent diagnoses regarding a patient's condition, but to ensure that the medical providers who tend to the patient has or will address the patient's issue by using their professional medical opinion. (*Id.* at ¶¶ 4-5.)

On October 4, 2010, Plaintiff was seen by a nurse for an open sore on his face. (*Id.* at ¶ 7, Ex. A at 36.) The nurse noted that Plaintiff stated he had the sore for a long time, and that it would periodically bleed and then scab over again. (*Id.*) The nurse also indicated that Plaintiff reportedly had scratched the lesion open. (*Id.*) The nurse assessed that Plaintiff's sore was a long-standing condition that was exacerbated by scratching at the bump. (*Id.*)

On October 5, 2010, Plaintiff submitted an inmate request to see a doctor for the open sore on his face.[1] (Compl. at 3; Ex. A.) In response to Plaintiff's grievance, Defendant wrote, "According to our records you have had this 'my whole life.' [I]f it becomes painful or changes in some way please submit a sick call slip." (Compl. Ex. A; Decl. Stottsberry at ¶¶ 7-8.) That same day, a nurse gave Plaintiff antibiotic ointment for the sore, as well as a band-aid to cover it. (Compl., Ex. B; Decl. Stottsberry at ¶ 10.)

On October 21, 2010, Plaintiff saw a nurse practitioner, and told her that his face was "really itching," and he wanted to see a dermatologist. (Decl. Stottsberry at ¶ 11, Ex. A at 35-36.) The nurse practitioner noted that the scab, which was present on October 5, 2010, was no longer there, but in its place was a 1 millimeter deep hole. (Decl. Stottsberry at ¶ 11, Ex. A at 35-36.) The nurse practitioner provided Plaintiff more antibiotic ointment for the sore, and two band-aids. (Compl., Ex. B; Decl. Stottsberry at ¶ 11.) That same day, Plaintiff submitted another grievance, stating that he wanted to see a doctor for the open sore on his face. (Compl. at 3.) After reviewing the nurse practitioner's assessment and determining that Plaintiff's issue

---

[1] Defendant disputes that Plaintiff requested a doctor. (Decl. Stottsberry at ¶ 7.) Plaintiff's grievance, presumably written in his own handwriting, also does not specifically request a doctor. (Compl. Ex. A.) However, because this Court must view all disputed evidence in the light most favorable to Plaintiff at this stage, the Court will assume that Plaintiff had requested a doctor. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

had been appropriately addressed (Decl. Stottsberry at ¶ 12), Defendant again responded that the records showed that Plaintiff had had the sore for a long time, the sore did not appear to be an emergency, and Plaintiff could have it treated when he was released (Compl. at 3).

On November 9, 2010, Plaintiff wrote a medical appeal, again requesting a doctor.  (*Id.*) He clarified that while the mole underneath the sore had been there a long time, the actual sore itself had recently appeared.  (Compl. Ex. C.)  Defendant gave him the same answer and did not refer him to a doctor.  (Compl. at 3, Ex. C.)  Defendant explained that when she reviewed Plaintiff's initial booking photos (Decl. Stottsberry Exs. C and D), the wound was noticeable, and therefore, she did not agree that the sore "recently develop[ed]."  (Compl. Ex. C.)

On December 16, 2010, after Plaintiff reported that the sore was bleeding again, Plaintiff was seen by the Family Nurse Practitioner.  (Decl. Stottsberry at ¶ 17.)  The Family Nurse Practitioner referred Plaintiff to Dr. Andrus, the medical director of the jail.  (*Id.*)  Dr. Andrus examined Plaintiff the following day, and on December 22, 2010, Dr. Andrus removed the lesion and offered follow-up care for the remainder of the year.  (*Id.*)

**ANALYSIS**

A.   <u>Standard of Review</u>

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need

1  only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.*

2  at 325.

3      Once the moving party meets its initial burden, the nonmoving party must go beyond the

4  pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

5  genuine issue for trial." Fed. R. Civ. P. 56(e).  The Court is only concerned with disputes over

6  material facts and "factual disputes that are irrelevant or unnecessary will not be counted."

7  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  It is not the task of the court to scour

8  the record in search of a genuine issue of triable fact.  *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th

9  Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable particularity,

10  the evidence that precludes summary judgment.  *Id.*  If the nonmoving party fails to make this

11  showing, "the moving party is entitled to judgment as a matter of law."  *Celotex Corp.*, 477 U.S.

12  at 323.

13      At the summary judgment stage, the Court must view the evidence in the light most

14  favorable to the nonmoving party: if evidence produced by the moving party conflicts with

15  evidence produced by the nonmoving party, the judge must assume the truth of the evidence set

16  forth by the nonmoving party with respect to that fact.  *See Leslie v. Grupo ICA*, 198 F.3d 1152,

17  1158 (9th Cir. 1999).

18  B.   Plaintiff's Claim

19      Liberally construed, Plaintiff claims that Defendant was deliberately indifferent to his

20  serious medical need, i.e., the sore on his face, by failing to refer him to a doctor.[2]  Defendant

21  argues that she is entitled to judgment as a matter of law because the evidence is undisputed that

22  she did not have the requisite culpable state of mind to meet the deliberate indifference standard.

23  ─────────────────

24      [2]  To the extent that Plaintiff argues that Defendant violated the Lake County Jail

25  grievance procedure because the same person should not answer an inmate's "inmate request,"
   grievance, and appeal (Compl. at 3), this does not state a cognizable federal constitutional claim.

26  There is no constitutional right to a prison administrative appeal or grievance system.  *See
   Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th

27  Cir. 1988).  Thus, Plaintiff had no federal constitutional right to a properly functioning appeal

28  system.  An incorrect decision on an administrative appeal, or failure to handle it in a particular
   way, therefore, did not amount to a violation of Plaintiff's constitutional rights.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[2]  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).   A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

When, as here, the prisoner seeks damages against a defendant, the "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer*

---

[2]    Although Plaintiff is currently housed at San Quentin State Prison, at the time he filed this lawsuit, he was incarcerated at Lake County Jail.  It is unclear whether Plaintiff was a prisoner or a pretrial detainee at the time he commenced this suit.  When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment, rather than a violation of the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Nonetheless, even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating these claims.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).  "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons."  *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).  *See, e.g.*, *Carnell*, 74 F.3d at 979 (standard of deliberate indifference applicable to pretrial detainees' medical claims). Because the reviewing standard is the same whether Plaintiff was a pretrial detainee or a prisoner, the Court finds it unnecessary to make a conclusive determination of Plaintiff's status because it would not affect the outcome of this case.

1   *v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

2
> When plaintiffs, such as the inmates, seek to hold an individual
3   defendant personally liable for damages, the causation inquiry between the
deliberate indifference and the eighth amendment deprivation must be more
4   refined.  We must focus on whether the individual defendant was in a position
to take steps to avert the [harm], but failed to do so intentionally or with
5   deliberate indifference.  In order to resolve this causation issue, we must take a
very individualized approach which accounts for the duties, discretion, and
6   means of each defendant . . . Sweeping conclusory allegations will not suffice to
prevent summary judgment . . . .  The prisoner must set forth specific facts as to
7   each individual defendant's deliberate indifference.

8   *Id.* at 633-34 (citations omitted).  A defendant thus would not have exposure for every

9   shortcoming in the medical department at the prison, but only if she personally was deliberately

10  indifferent.

11      Moreover, a defendant's action or inaction "is the actual cause of [the] injury only if the

12  injury would not have occurred 'but for' that conduct."  *White v. Roper*, 901 F.2d 1501, 1505

13  (9th Cir. 1990) (citing W. Prosser & W. Keeton, The Law of Torts § 41, at 266 (5th ed. 1984)).

14  "The requisite causal connection can be established not only by some kind of direct personal

15  participation in the deprivation, but also by setting in motion a series of acts by others which the

16  actor knows or reasonably should know would cause others to inflict the constitutional injury."

17  *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

18      Here, Defendant's role was not to refer any patients to doctors, or make any independent

19  medical assessment of her own.  (Decl. Stottsberry at ¶¶ 2-4, 18, 20.)  Thus, Defendant did not

20  participate in deciding whether Plaintiff should be referred to a doctor, or whether Plaintiff

21  should receive any specific medical care.  Plaintiff has not provided any evidence to the

22  contrary.  Defendant thus has met her burden on summary judgment by showing an absence of

23  evidence that she proximately caused Plaintiff's injury, or that she acted with the deliberate

24  indifference necessary for an Eighth Amendment violation.  Even viewing the evidence in the

25  light most favorable to Plaintiff, no reasonable juror could conclude that Defendant proximately

26  caused Plaintiff's alleged constitutional injury.

27      Even assuming that Plaintiff has provided sufficient evidence in which a reasonable

28  factfinder could infer that Defendant proximately caused Plaintiff harm, there is an absence of

1   evidence that Defendant demonstrated deliberate indifference to Plaintiff's alleged serious

2   medical need.

3           First, there is no evidence that Defendant was aware that Plaintiff faced a substantial risk

4   of serious harm and disregarded it.  She declared that she reviewed Plaintiff's grievances, and

5   determined that the medical issues raised by Plaintiff were addressed by a qualified medical

6   provider.  (Decl. Stottsberry at ¶¶ 18, 20.)  Defendant understood that none of the first three

7   providers felt that a referral to a doctor was necessary because Plaintiff presented with a

8   non-emergency, long-standing condition.  (*Id.* at ¶ 18.)  Further, Defendant informed Plaintiff

9   that if his condition changed, he should submit a sick call slip.  (Compl. Ex. A.)  In addition,

10  Defendant was aware that Plaintiff was treated with antibiotic ointment and band-aids in his first

11  two visits.  Based on the record, the Court concludes that no reasonable inference can be drawn

12  that Defendant knew that Plaintiff was faced with a substantial risk of harm.  *See Farmer*, 511

13  U.S. at 837.

14          Second, Plaintiff has not alleged that he has suffered any harm from the delay in being

15  referred to a doctor.  Although a "significant injury" is not required in order to establish a

16  constitutional violation, at a minimum, Plaintiff must demonstrate some resulting harm.  *See*

17  *McGuckin*, 974 F.2d at 1060, 1061; *Shapley v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d

18  404, 407 (9th Cir. 1985) (per curiam).  Here, because Plaintiff has submitted no evidence that the

19  denial or delay in being referred to a doctor was harmful, there is no dispute of material fact that

20  the failure to immediately refer Plaintiff to a doctor was a result of deliberate indifference.

21          Finally, "[a] difference of opinion between a prisoner-patient and prison medical

22  authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v. Oregon*, 662

23  F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of

24  medical opinion as to the need to pursue one course of treatment over another is insufficient, as a

25  matter of law, to establish deliberate indifference.  *See Toguchi v. Chung*, 391 F.3d 1051,

26  1059-60 (9th Cir. 2004).  In order to prevail on a claim involving choices between alternative

27  courses of treatment, a plaintiff must show that the course of treatment the doctors chose was

28  medically unacceptable under the circumstances and that they chose this course in conscious

disregard of an excessive risk to the plaintiff's health.  *Id.* at 1058.

At most here, Plaintiff has a difference of opinion as to whether Defendant should have immediately referred him to a doctor.  Plaintiff has provided nothing to suggest that Defendant's actions or inactions were medically unacceptable under the circumstances, or that her decisions were chosen in conscious disregard to Plaintiff's health.  *See id.*

## CONCLUSION

Accordingly, Defendant's motion for summary judgment is GRANTED.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  __6/25/12__

LUCY H. KOH
United States District Judge

Order Granting Defendant's Motion for Summary Judgment
G:\PRO-SE\SJ.LHK\CR.11\Hillman245msj.wpd     8